UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUITMAN ROBINSON, | Civil Action No. 14-2679 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| NEW JERSEY TRANSIT RAIL OPERATIONS, INC. et al., | |
| Defendants. | |

**CHESLER, District Judge**

This matter comes before the Court on the motion to vacate the judgment or, in the alternative, for remittitur by Defendant New Jersey Transit Rail Operations, Inc. ("NJTRO"). For the reasons stated below, the motion will be denied.

This motion comes after a jury trial in which the jury awarded $300,000 in damages to Plaintiff. Defendants move to vacate that judgment or, in the alternative, for the Court to Order remittitur.

Defendants first argue that the judgment should be vacated because NJTRO is entitled to the protection of sovereign immunity under the Eleventh Amendment. The parties agree that, in Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655 (3d Cir. 1989), the Third Circuit held that New Jersey Transit Rail Operations, Inc. – the same entity as the Defendant in the instant case – was not entitled to sovereign immunity under the Eleventh Amendment. There is also no dispute that the Third Circuit has not overruled Fitchik. Defendants argue that Fitchik does not bind this Court because "intervening Third Circuit precedent – taking into account United States

Supreme Court authority handed down after Fitchik – has held that the panel in Fitchik improperly weighted the three factors to be considered to determine if an entity is an arm of the state." (Defs.' Br. 12-13.)  Plaintiff, on the other hand, contends that the Third Circuit has not overruled Fitchik, which constitutes binding precedent.

In Fitchik, the Third Circuit established a three-factor test for entitlement to soverign immunity:

> (1) Whether the money that would pay the judgment would come from the state . . .;
> (2) The status of the agency under state law . . .; and
> (3) What degree of autonomy the agency has.

Fitchik, 873 F.2d at 659.  The Third Circuit held that the first factor was the "most important."  Id.

In Benn v. First Judicial Dist., 426 F.3d 233, 239-40 (3d Cir. 2005), the Third Circuit considered the Supreme Court's decision in Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 431 (1997), and held that the first of the three factors does not hold primacy, and that the three factors must be weighted equally.  Because § 9.1 of the Third Circuit's Internal Operating Procedures states that a precedential decision is binding on subsequent panels and may be overruled only in a decision *en banc*, Benn did not, and could not, overrule Fitchik.

In reply, Defendant argues that it is the Supreme Court's Doe decision, not the Third Circuit's Benn decision, that overruled Fitchik.  If only it were so simple!  Doe did not expressly overrule Fitchik.  Nor did Doe establish a test for sovereign immunity, or discuss the weight to be given to the question of whether the money that would pay the judgment would come from the state.  Note the phrasing used by the Third Circuit in Benn: "The Judicial District argues that following the decision by the Supreme Court in *Doe*, 519 U.S. at 425, we can no longer ascribe

2

primacy to the first factor. We agree." Benn, 426 F.3d at 239. The Third Circuit did not state that, after Doe, the holding of Fitchik cannot stand. Instead, the Third Circuit stated that, going forward, the first factor cannot be more important than the other two.

Defendants confuse two related, but different, questions. The first is: what is controlling authority for the issue at hand in the motion presently at bar? The second is: what legal principles govern new analyses of sovereign immunity in the Third Circuit? The questions significantly differ. It appears correct that the Third Circuit no longer adheres to the legal principle applied in Fitchik (the first factor has primacy). That does not mean, however, that the holding of Fitchik – NJTRO is not entitled to sovereign immunity – is wrong under current law. Defendants would like to persuade that, because the sovereign immunity analysis has changed in the Third Circuit, Fitchik would be decided differently today, but this Court does not agree, as will be explained in the discussion which follows.

Defendants overlook the continuing vitality of the Supreme Court's holding in Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 47 (1994) ("When indicators of immunity point in different directions, the Eleventh Amendment's twin reasons for being remain our prime guide.") In 2006 – after Benn in 2005 – the Third Circuit held:

> However, in *Hess v. Port Authority Trans-Hudson Corp.*, the Supreme Court instructed that in close cases, where "indicators of immunity point in different directions," the principal rationale behind the Eleventh Amendment – protection of the sovereignty of states through "the prevention of federal-court judgments that must be paid out of a State's treasury," – should "remain our prime guide."

Febres v. Camden Bd. of Educ., 445 F.3d 227, 229-30 (3d Cir. 2006). And more recently:

> While our jurisprudence had long afforded the first factor—state funding—more weight than the others, *see Fitchik*, 873 F.2d at 664, we recalibrated the factors in light of the Supreme Court's observation in *Regents of the University of California v. Doe* that an Eleventh Amendment inquiry should not be a

3

> "formalistic question of ultimate financial liability." We now treat all three *Fitchik* factors as co-equals, with the funding factor breaking the tie in a close case, *see Febres*, 445 F.3d at 229-30 (citing *Hess*, 513 U.S. at 47-48, 52).

Maliandi v. Montclair State Univ., 845 F.3d 77, 84 (3d Cir. 2016) (citations omitted). With the funding factor now used as tie-breaker, it does not appear that Fitchik, where the indicators of immunity did point in different directions, would have a different outcome today. In any case, this Court today resolves this question by the application of controlling precedent.

Defendants also argue: "Starting with Benn, the Third Circuit has consistently held that an entity is an arm of the state entitled to sovereign immunity if two Fitchik factors weigh in favor of immunity." (Defs.' Br. 14.) This assertion, followed by three Third Circuit case citations, is misleading insofar as it is suggests that the Third Circuit has adopted a "best two out of three" rule; the cited cases show no sign of such a rule. It is correct that in McCauley v. Univ. of the V.I., 618 F.3d 232 (3d Cir. 2010) and Bowers v. NCAA, 475 F.3d 524 (3d Cir. 2007), the Third Circuit found that two of the three factors weighed in one direction, and concluded that the overall sovereign immunity determination matched the direction of those two factors; the Third Circuit did not, however, state that it did so because it treated the analysis as a vote by the factors. Defendants also inaptly cite Benn, in which the three factors all pointed in the same direction. Maliandi provides the clearest recent guidance on the present state of Third Circuit law.

Defendants also overlook that the fact that the federal legal system is based on the principle of *stare decisis* – which is Latin for, "to stand by that which is decided." The Supreme Court has addressed the question of the application of *stare decisis* when past decisions are questionable, even wrong:

> Overruling precedent is never a small matter. *Stare decisis* —in English, the idea that today's Court should stand by yesterday's decisions—is "a foundation stone of the rule of law." Application of that doctrine, although "not an inexorable command," is the "preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." It also reduces incentives for challenging settled precedents, saving parties and courts the expense of endless relitigation.
>
> Respecting *stare decisis* means sticking to some wrong decisions. The doctrine rests on the idea, as Justice Brandeis famously wrote, that it is usually "more important that the applicable rule of law be settled than that it be settled right." Indeed, *stare decisis* has consequence only to the extent it sustains incorrect decisions; correct judgments have no need for that principle to prop them up. Accordingly, an argument that we got something wrong—even a good argument to that effect— cannot by itself justify scrapping settled precedent. Or otherwise said, it is not alone sufficient that we would decide a case differently now than we did then.

Kimble v. Marvel Entm't, LLC, 135 S. Ct. 2401, 2409 (2015) (citations omitted). This squarely addresses the matter at hand. Defendants' challenge to Fitchik as precedent rests on the argument that the decision is incorrect under current Third Circuit law. In Kimble, the Supreme Court stated that that argument "cannot by itself justify scrapping settled precedent." Id. In short, the argument that Fitchik was incorrectly decided does not erase the fact that it is currently controlling precedent in this Circuit.

Defendants' argument does not say more than that the law has changed since Fitchik was decided and that, if the Third Circuit were to address that case today, it would apply a different legal standard. While that may well be correct, it does not address the question this Court must now answer: is Fitchik controlling authority for this Court today? As the Supreme Court held in Kimble, even if Fitchik is incorrect under current law, it is still controlling precedent. NJTRO is not entitled to the protection of sovereign immunity. Therefore, the Court need not reach the question of whether this defense was waived.

5

In the alternative, if this Court were to predict how the Third Circuit would rule on Fitchik today, under current law, this Court holds that the Third Circuit would still find that NJTRO is not entitled to Eleventh Amendment immunity. The Fitchik Court held, in short, that the first factor "weighs strongly against" a finding of immunity, the second factor was "only slightly" in favor of immunity, and the third factor was "slightly" in favor of immunity. 873 F.2d at 662-64. This Court discerns two conceivable ways of adding this up under current law: 1) the overall weight of the factors, weighted equally, weighs against a finding of immunity; or 2) this is a close case, so the first factor functions as a tie-breaker, resulting in a finding of no immunity. This Court does not discern a reasonable possibility that the Third Circuit would conclude, based on their subfindings in Fitchik, that the overall weight of the three factors favors a finding of immunity.

Defendants argue that, were the Third Circuit to examine the evidence today, and make new findings on each of the factors, it would arrive at a different conclusion. Defendants first argue that "the intervening years have made NJ Transit's status as a state agency under state law more evident." (Defs.' Br. 15.) In support, Defendants point to the New Jersey Constitution and to various state statutes. The Court takes judicial notice of the fact that the New Jersey Constitution was enacted in 1947 and has not been since amended in any way relevant to the matters at hand. While Defendants point to a number of state statutes that relate to NJTRO, conspicuously absent is any assertion that any of these statutes has been enacted or changed since Fitchik. Defendants have offered no basis to conclude that there is any new evidence in regard to the second factor.

As for the third factor, again, Defendants cite a number of state statutes that relate to

NJTRO; again, conspicuously absent is any assertion that any of these statutes has been enacted or changed since Fitchik. Defendants have offered no basis to conclude that there is any new evidence in regard to the third factor.

As to the first factor, Defendants argue that changes in the law since Fitchik would result in a finding that the funding factor weighs in favor of a finding of immunity. Defendants contend that "the Legislature continues to appropriate substantial funds to NJ Transit annually to help cover NJ Transit's substantial operating deficit." (Defs.' Br. 23.) Conspicuously absent is any evidence that there has been any change in this situation since Fitchik: if this was happening in 1989, and it continues, how would that impact the Third Circuit's findings on the funding factor?

Defendants have failed to support their suggestion that the relevant facts have changed since Fitchik was decided. This Court finds no basis to conclude that the Third Circuit, faced with the question of whether NJTRO is entitled to immunity under the Eleventh Amendment, would arrive at a conclusion that differs from what it held in Fitchik. The motion to vacate the judgment will be denied.

Defendants also argue that the jury verdict of $300,000 as damages for pain and suffering was excessive and ask the Court to Order remittitur. Under Third Circuit law, on a motion for remittitur, the Court "may not require a reduction in the amount of the verdict to less than the 'maximum recovery' that does not shock the judicial conscience." Gumbs v. Pueblo Int'l, Inc., 823 F.2d 768, 774 (3d Cir. 1987).

The Court makes two observations. First, in support of their motion, Defendants submit a document stating a jury verdict of $210,000 for pain in another case that Defendants

7

characterize as having similar facts. If Defendants offer this – $210,000 – as an example of a reasonable jury verdict, an award of $300,000 does not shock the judicial conscience. Second, as Plaintiff contends, Defendants' brief contains conclusory statements about the evidence that they believe fails to support the jury verdict, but no citations to the record or to the trial transcript. In the words of the Third Circuit:

> It has been oft-noted that "Judges are not like pigs, hunting for truffles buried in the record." And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments.

United States v. Claxton, 766 F.3d 280, 307 (3d Cir. 2014) (citations omitted). Defendants have not taken heed of this admonition.[1] The motion for remittitur will be denied.

For these reasons,

**IT IS** on this 10th day of October, 2017,

**ORDERED** that Defendants' motion to vacate judgment or, in the alternative, for remittitur (Docket Entry No. 39) is **DENIED**.

s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J

---

[1] In reply, Defendants argue that Plaintiff provides no citation for the contention that a moving party should cite evidence supporting its motion. Is there really a question about that proposition?